# UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

---

No.97-50371

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIKE MARTINEZ,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Western District of Texas
(A-96-CV-142)

---

June 3, 1998

Before POLITZ, Chief Judge, REYNALDO G. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Mike Martinez, proceeding *pro se*, appeals the denial of his 28 U.S.C. § 2255

petition for habeas corpus. Martinez seeks a remand in order to file objections to

the magistrate judge's recommendation, contending that the district court erred in

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

denying his motion for extension of time.

A magistrate judge reviewed Martinez' petition and recommended that relief be denied. Martinez had until March 17, 1997 to file objections to the magistrate judge's recommendation.[1] Martinez moved for an extension of time on March 14, 1997, alleging that he was being transferred to another facility and did not have access to legal materials.[2] On March 24, 1997 the district court denied the motion for an extension of time to file objections, finding Martinez' *pro se* status and lack of legal knowledge to be insufficient bases for an extension. That same date the district court adopted the report of the magistrate judge and entered judgment denying the requested 2255 relief.

We recognize that the "right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law,"[3] and that courts have the power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[4] The conditions and limitations of a *pro se*

---

[1] Fed. R. Civ. P. 6(a); 72(b). The record discloses that the report and recommendation was served on March 3, 1997.

[2] Although Martinez' motion was not received by the court until March 19, 1997, it was deemed filed when delivered to prison authorities for mailing to the clerk. **See Thompson v. Raspberry**, 993 F.2d 513 (5th Cir. 1993).

[3] **Birl v. Estelle**, 660 F.2d 592, 593 (5th Cir. 1981).

[4] **Woodson v. Surgitek, Inc.**, 57 F.3d 1406, 1417 (5th Cir. 1995).

prisoner's confinement, however, must be given adequate consideration in the assurance of adequate access to the courts.[5]

Martinez timely moved for an extension of time to file objections, his first such request, alleging that he was being transferred to another prison facility and did not have immediate access to legal materials. Such circumstances present more than sufficient justification for a modest extension of time. Accordingly, we must find and conclude that Martinez should have been granted a reasonable extension of time to file objections to the magistrate judge's report. We therefore must vacate the judgment adopting the magistrate judge's report and recommendation and denying Martinez' § 2255 petition, and return this matter to the district court for a redetermination and resolution after Martinez is given a reasonable opportunity to file objections. In so ruling we do not imply, suggest, or intimate any particular disposition of this matter, leaving same entirely to the district court in the first instance.

VACATED and REMANDED.

---

[5] **See Haines v. Kerner**, 404 U.S. 519 (1972).